COURTESY COPY

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE INTEL MARKET PRACTICES ANTITRUST LITIGATION** | **MDL DOCKET NO. 1717** |

**THE KIDWELL GROUP'S CROSS-MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE FOR PRETRIAL PROCEEDINGS IN THE DISTRICT OF DELAWARE, PURSUANT TO 28 U.S.C. § 1407**

Plaintiffs, The Kidwell Group[1] ("Plaintiffs"), respectfully move the Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel") for an Order, pursuant to 28 U.S.C. § 1407, that would accomplish the following:

---

[1] The Kidwell Group is composed of the following named plaintiffs:

(1) Jim Kidwell, Mary Reeder, John Maita, JWRE, Inc., Chrystal Moeller and Caresse Harms, named plaintiffs in *Kidwell, et al. v. Intel Corp.*, No. 05-470, filed in the District of Delaware on July 6, 2005;

(2) Robert J. Rainwater, Kathy Ann Chapman and Sonia Yaco, named plaintiffs in *Rainwater, et al. v. Intel Corp.*, Case No. 05-473, filed in the District of Delaware on July 7, 2005;

(3) James Volden, Charles Dupraz, Vanessa Z. DeGeorge, Melissa Goeke, James R. Conley, Nancy Bjork, Tom Kidwell and Jeff Vaught, named plaintiffs in Volden, et al. v. Intel Corp., Case No. 05-488, filed in the District of Delaware on July 13, 2005; and

(4) Ficor Acquisition Co., LLC, dba Mills & Greer Sporting Goods, Richard Caplan, Maria Pilar Salgado, Paula Nardella, Nancy Wolfe, Leslie March, Tom Hobbs, Andrew Marcus, and Virginia Deering, named plaintiffs in *Ficor Acquisition Corp., et al. v. Intel*

(footnote continued. . .)

First, Plaintiffs ask the JPML to transfer all of the below-listed actions currently pending against Intel Corporation ("Intel") in the United States District Court for the Northern District of California, San Francisco Division, and one action pending in the Southern District of California, as well as any cases that may subsequently be filed asserting similar or related claims, to the United States District Court for the District of Delaware. The actions currently pending in the Northern District of California are as follows: (1) *Lipton, et al. v. Intel Corp.*, No. 3:05-cv-002669-MHP (filed June 29, 2005); (2) *Prohias v. Intel Corp.*, No. 3:05-cv-02699-MHP (filed June 30, 2005); (3) *Konieczka v. Intel Corp.*, No. 3:05-cv-02700-MHP (filed June 30, 2005); (4) *Hamilton v. Intel Corp.*, No. 3:05-cv-02721-MHP (filed July 1, 2005); (5) *Niehaus v. Intel Corp.*, No. 3:05-cv-02720-MHP (filed July 1, 2005); (6) *Brauch v. Intel Corp.*, No. 3:05-cv-02743-MHP (filed July 5, 2005); (7) *Baxley v. Intel Corp.*, No. 3:05-cv-00488-MHP (filed July 6, 2005); (8) *Frazier, et al. v. Intel Corp.*, No. 3:05-cv-02813-MHP (filed July 11, 2005); (9) *Dickerson v. Intel Corp.*, No. 1:05-cv-02818-MHP (filed July 11, 2005); (10) *The Harman Press v. Intel Corp.*, No. 3:05-cv-02823-MHP (filed July 11, 2005); (11) *Shanghai 1930 Restaurant Partners v. Intel Corp.*, No. 3:05-cv-02830-MHP (filed July 12, 2005); (12) *Major League Softball, Inc. v. Intel Corp.*, No. 1:05-cv-02831-MHP (filed July 12, 2005); (13) *Allanoff v. Intel Corp.*, No. 3:05-cv-02834-MHP (filed July 12, 2005); (14) *Lazio Family Products v. Intel Corp.*, No. 3:05-cv-02859-MHP (filed July 13, 2005); (15) *Law Offices of Laurel Stanley v. Intel Corp.*, No. 3:05-cv-02858-MHP (filed July 13, 2005); (16) *Walker v. Intel Corp.*, No. 3:05-cv-02882-MHP (filed July 14, 2005); (17) *Stolz v. Intel Corp.*, No. 3:05-cv-02897-MHP (filed July 15, 2005); (18) *Naigow v. Intel Corp.*, No. 1:05-cv-02898-MHP (filed July 15, 2005); (19)

(. . .footnote continued)

*Corp.*, Case No. 05-515, filed in the District of Delaware on July 21, 2005.

*Hewson v. Intel Corp.*, No. 3:05-cv-02916-MHP (filed July 18, 2005); (20) *Lang v. Intel Corp.*, No. 3:05-cv-02957-MHP (filed July 21, 2005); (21) *Trotter-Vogel Realty, Inc. v. Intel Corporation*, No. 3:05-cv-03028-MHP (filed July 26, 2005); (22) *Juskiewicz v. Intel Corp.*, No. 3:05-cv-03094-BZ (filed July 29, 2005). The action pending in the Southern District of California is as follows: (1) *Suarez v. Intel Corp.*, No. 3:05-cv-1507-JM(RBB) (filed July 27, 2005).

Second, Plaintiffs ask the JPML to coordinate or consolidate the above-referenced actions pending against Intel in the United States District Court for the Northern District of California with the factually similar actions that are currently pending in the United States District Court for the District of Delaware. As of July 29, 2005, Plaintiffs are aware of the following actions pending in the District of Delaware: (1) *Advanced Micro Devices, Inc. v. Intel Corp.*, No. 1:05-cv-004411-JJF (filed June 27, 2005); (2) *Kidwell, et al. v. Intel Corp.*, No. 1:05-cv-00470-JJF (filed July 6, 2005); (3) *Rainwater, et al. v. Intel Corp.*, No. 1:05-cv-00473-JJF (filed July 7, 2005); (4) *Kravitz, et al. v. Intel Corp.*, No. 1:05-cv-00476-JJF (filed July 8, 2005); (5) *Ruccolo v. Intel Corp.*, No. 1:05-cv-00478-JJF (filed July 8, 2005); (6) *Paul v. Intel Corp.*, No. 1:05-cv-00485-JJF (filed July 12, 2005); (7) *Volden v. Intel Corp.*, No. 1:05-cv-00488-JJF (filed July 13, 2005); (8) *Chacon, et al. v. Intel Corp.*, No. 1:05-cv-00489-JJF (filed July 13, 2005); (9) *Simon v. Intel Corp.*, No. 1:05-cv-00490-JJF (filed July 13, 2005); (10) *Czysz v. Intel Corp.*, No. 1:05-cv-00509-JJF (filed July 20, 2005); (11) *Ludt v. Intel Corp.*, No. 1:05-cv-00510-JJF (filed July 20, 2005); (12) *Baran v. Intel Corp.*, No. 1:05-cv-00508-JJF (filed July 20, 2005); (13) *Ambruoso v. Intel Corp.*, No. 1:05-cv-00505-JJF (filed July 20, 2005); (14) *Ficor Acquisition Co. v. Intel Corp.*, No. 1:05-cv-00515-JJF (filed July 21, 2005); (15) *Manyin, et al. v. Intel Corp.*, No. 1:05-cv-00526-UNA (filed July 22, 2005); (16) *HP Consulting Services v. Intel*

*Corp.*, No. 1:05-cv-00521-JJF (filed July 22, 2005); (17) *Fairmont Orthopedics & Sports Medicine PA v. Intel Corp.*, No. 1:05-cv-00519-JJF (filed July 22, 2005); (18) *Law Offices of Kwasi Asiedu v. Intel Corp.*, No. 1:05-cv-00520-JJF (filed July 22, 2005); (19) *Cowan v. Intel Corp.*, No. 1:05-cv-00522-JJF (filed July 22, 2005); (20) *Feitelberg v. Intel Corp.*, No. 1:05-cv-00532-UNA (filed July 25, 2005); (21) *Cone v. Intel Corp.*, No. 1:05-cv-00531-UNA (filed July 25, 2005); (22) *Weeth v. Intel Corp.*, No. 1:05-cv-00533-UNA (filed July 25, 2005); (23) *Harr v. Intel Corp.*, 1:05-cv-00537-UNA (filed July 26, 2005); (24) *Cohn v. Intel Corp.*, No. 1:05-cv-00539-UNA (filed July 26, 2005); (25) *Griffin v. Intel Corp.*, No. 1:05-cv-00540-UNA (filed July 26, 2005); (26) *Kornegay v. Intel Corp.*, No. 1:05-cv-00541-UNA (filed July 27, 2005); (27) *Ramos v. Intel Corp.*, No. 1:05-cv-00544 (filed July 28, 2005); (28) *Bergerson & Associates, Inc. v. Intel Corp.*, No. 1:05-cv-00547 (filed July 28, 2005); (29) *Arnold v. Intel Corp.*, No. 1:05-cv-00554-UNA (filed August 1, 2005); (30) *Genese et al v. Intel Corp.*, No. 1:05-cv-00556-UNA (filed August 2, 2005).

In support of their motion, Plaintiffs state as follows:

1. The actions for which transfer and coordination or consolidation are proposed arise out of the same or similar illegal conduct and allege substantially similar claims. The first action was brought by Advanced Micro Devices ("AMD"), one of Intel's competitors. This motion does not seek consolidation with the private related action The remaining actions are indirect purchaser class actions brought on behalf of consumers who purchased computers containing Intel microprocessor computer chips ("Intel Chips"). All of the actions allege that Intel and its controlled subsidiaries or affiliates illegally maintained its monopoly power in the relevant microprocessor market or that Intel conspired to fix, raise, maintain, or stabilize prices for Intel Chips sold in the United States and elsewhere, Intel manufactures, distributes,

advertises, and sells Intel Chips throughout the United States and the world.

2. Plaintiffs propose that the above-referenced actions pending in the Northern and Southern Districts of California be consolidated with the above-referenced actions currently pending in the District of Delaware.

3. All of the actions arise out of a common core of factual allegations, namely, that Intel illegally maintained its monopoly power in the relevant microprocessor market or engaged in a combination and conspiracy to suppress and eliminate competition in that market by fixing the prices of or allocating markets for Intel Chips sold in the United States and elsewhere, thus overcharging Original Equipment Manufacturer purchasers and consumers by reason of inflated prices of Intel Chips during the relevant time period.

4. The centralization of these actions in a single judicial district for coordinated or consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interest of justice because all of the actions involve the same or similar factual and legal issues.

5. Coordination or consolidation of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery, and permit the cases to proceed to trial more efficiently.

6. All of the actions are in the very early stages of litigation; no responsive pleadings have been field nor has any discovery been conducted.

7. The proposed transfer and coordination or consolidation in the District of Delaware "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of these actions because it is expected that for each plaintiff in each of the actions, counsel will take discovery of the same witnesses and documents to provide the same or

similar conspiracy or conduct.

8. Significantly, and in addition to the reasons set forth below, which, by themselves, are sufficient to support transfer of these actions to the District of Delaware, both Intel and AMD have confirmed their respective preferences for the Panel to transfer these cases to that District, thereby fatally undercutting the Brauch Group's contrary arguments in their entirety.

9. Furthermore: (a) the majority of the cases were filed and remain pending in the District of Delaware; (b) the District of Delaware has the resources and judicial expertise to properly conduct this case; (c) Intel and AMD are incorporated in Delaware; (d) likely witnesses and documentary evidence are convenient to the District of Delaware; (e) the Court is centrally located to all parties; and (f) docket conditions favor the District of Delaware over the Northern District of California.

10. Plaintiffs' motion is based on the accompanying memorandum of law, the filed pleadings and papers, and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

**WHEREFORE**, Plaintiffs respectfully request that the Panel grant their cross-motion and enter an Order mandating that the above-described actions pending against Intel in the Northern and Southern Districts of California, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the District of Delaware for consolidated and coordinated pretrial proceedings.

Dated: August 2, 2005

Respectfully submitted,

Fred Taylor Isquith
Gustavo Bruckner
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

Mary Jane Edelstein Fait
Adam J. Levitt
WOLF HALDENSTEIN ALDER
FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: 312/984-0000
Facsimile: 312/084-0001

Francis M. Gregorek
Betsy C. Manifold
Francis A. Bottini, Jr.
Rachele R. Rickert
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
750 B Street, Suite 2700
San Diego, California 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

Counsel for Plaintiffs Kidwell, Reeder, Maita, JWRE, Moeller and Harms in *Kidwell* Action, Plaintiffs Rainwater, Chapman and Yaco in the *Rainwater* Action, Plaintiffs Volden, Dupraz, DeGeorge, Goeke, Conley, Bjork, Kidwell and Vaught in the *Volden* Action, and Plaintiffs Ficor Acquisition Co., LLC dba Mills & Greer Sporting Goods, Caplan, Salgado, Nardella, Wolfe, March, Hobbs, Marcus, and Deering in the *Ficor Acquisition* Action