BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

COURTESY COPY

| | |
|---|---|
| IN RE INTEL MARKET PRACTICES ANTITRUST LITIGATION | MDL DOCKET NO. 1717 |

**RESPONSE OF THE KIDWELL GROUP IN OPPOSITION TO PLAINTIFFS MICHAEL BRAUCH AND ANDREW MEIMES' MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE FOR PRETRIAL PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §1407 AND IN SUPPORT OF THE KIDWELL GROUP'S CROSS-MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE FOR PRETRIAL PROCEEDINGS IN THE DISTRICT OF DELAWARE**

The named plaintiffs in four actions against Intel Corporation filed in the District of Delaware (the "Kidwell Group"), submit this memorandum in opposition to Plaintiffs Michael Brauch and Andrew Meimes' (the "Brauch Movants") Motion to Transfer and Coordinate or Consolidate For Pretrial Proceedings in the Northern District of California Pursuant to 28 U.S.C. § 1407 (the "Brauch Motion"), and in support of their cross-motion to transfer and coordinate the below-described, related antitrust-based cases pending against the Intel Corporation (the "Intel Actions") in the United States District Court for the District of Delaware.[1]

---

[1] The Kidwell Group is composed of the following named plaintiffs:
(footnote continued . . .)

I.  **INTRODUCTION**

Although the Kidwell Group agrees with movants Brauch and Meimes that these cases should be transferred and coordinated or consolidated before a single court for pretrial proceedings, the Kidwell Group requests that the Panel transfer the Intel Actions to the District of Delaware. Indeed, it is the District of Delaware, *and not the Northern District of California*, where a majority of the plaintiffs have initiated their actions, indicating a majority preference for a Delaware forum – *including the preference of both AMD and Intel, the parties to the first-filed of these actions (AMD and Intel) and the defendant in all of these actions (Intel)*.[2]

Moreover, with less than a third of the number of cases on its docket than the Northern District of California (2,085 versus 7,267), with no cases transferred to it by the Panel in the last calendar year, in contrast to fourteen such cases transferred to the Northern District of California during that same time period, and with judges who, on average, are able to complete more trials per year than their counterparts, in the Northern District of California (nineteen versus ten), the District of Delaware is better suited, and has the resources, to manage this complex, multidistrict

---

(... footnote continued)

(1) Jim Kidwell, Mary Reeder, John Maita, JWRE, Inc., Chrystal Moeller and Caresse Harms, named plaintiffs in *Kidwell, et al. v. Intel Corp.*, No. 05-470, filed in the District of Delaware on July 6, 2005;

(2) Robert J. Rainwater, Kathy Ann Chapman and Sonia Yaco, named plaintiffs in *Rainwater, et al. v. Intel Corp.*, Case No. 05-473, filed in the District of Delaware on July 7, 2005;

(3) James Volden, Charles Dupraz, Vanessa Z. DeGeorge, Melissa Goeke, James R. Conley, Nancy Bjork, Tom Kidwell and Jeff Vaught, named plaintiffs in Volden, et al. v. Intel Corp., Case No. 05-488, filed in the District of Delaware on July 13, 2005; and

(4) Ficor Acquisition Co., LLC, dba Mills & Greer Sporting Goods, Richard Caplan, Maria Pilar Salgado, Paula Nardella, Nancy Wolfe, Leslie March, Tom Hobbs, Andrew Marcus, and Virginia Deering, named plaintiffs in *Ficor Acquisition Corp., et al. v. Intel Corp.*, Case No. 05-515, filed in the District of Delaware on July 21, 2005.

[2] *AMD v. Intel Corp.*, Case No. 05-441 (JJF), filed in the District of Delaware on June 27, 2005.

litigation.

Further, since the parties and witnesses in this case are situated across the United States, and since the vast majority of documentary discovery will occur in electronic form and will thus be accessible virtually anywhere, the Delaware forum would be no less convenient to the parties and witnesses than a California forum would be. Moreover, since this case will be heavily dependent on third party discovery from computer manufacturers and chip manufacturers located throughout the United States and worldwide, the District of Delaware is clearly the geographically preferable forum for this case.[3]

For all of these reasons, and those set forth below, the Panel should transfer these actions to the District of Delaware for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407.

## II. BACKGROUND

The Kidwell Group incorporates by reference the factual summary found in the Brauch Movants' Memorandum of Points and Authorities.

---

[3] Significantly, while the Intel Actions share several factual similarities, the cases brought by the Kidwell Group are procedurally distinct from those brought by the Brauch Movants or any other plaintiff. Indeed, the cases filed by the Kidwell Group are the only class action cases before the Panel in which the named plaintiffs have standing to assert the state law antitrust and deceptive trade practice claims for each of the states for which they assert them – since the named plaintiffs comprising the Kidwell Group are residents of the states from which they assert those claims on behalf of distinct statewide classes – unlike the claims asserted in any of the other cases. Indeed, while the actions filed by the Kidwell Group clearly subsume all of the other indirect purchaser class actions here, the reverse cannot be said. Thus, to honor the request of the Brauch Movants, on their procedurally defective complaints, to transfer these cases to the Northern District of California would be unfair and inequitable result for AMD, whose selection of the District of Delaware should be recognized and respected, Intel, who has also asserted that the District of Delaware is the appropriate transferee forum, as well as for the consumers of the several states who, by their complaints comprising the Kidwell Group, by their state-based local counsel, affirmatively selected the District of Delaware to protect the interests of the consumers of those states therein.

III. **ARGUMENT**[4]

    A. **This Panel Should Transfer The California Actions To The District Of Delaware**

As is more fully addressed below, the Panel should disregard the Brauch Movants' contention that the Northern District of California is the appropriate forum for the Intel Actions, purportedly due to the larger number of such cases filed in that District. In reality, each of the plaintiffs in the Kidwell Group could have filed a separate action against Intel in the District of Delaware – a tactic that would have resulted in transforming the claims asserted in those cases not into not less than 23 separate actions. Such a course of conduct would have resulted in a clear numerical advantage for the Panel's selection of that District for consolidation and transfer, thereby defeating the Brauch Movants' contentions on this point. Such an approach (read: filing separate complaints for each claim), however, would also have wasted judicial and attorney resources. The Kidwell Group, rather than overburden the District of Delaware with such piecemeal filings, instead collectively decided to file consolidated actions before that Court

    B. **The District Of Delaware Is The Appropriate Forum For These Cases**

The appropriate forum for the Intel Actions is the District of Delaware, *not* the Northern District of California. MDL actions are commonly transferred to a forum where one or more cases are already pending. *"Dalkon Shield,"* 406 F. Supp. at 542. Not only is the first-filed of all of the Intel Actions pending in the District of Delaware, before The Honorable Joseph J. Farnan (*AMD v. Intel Corp.*, Case No. 05-441 (JJF), but the majority of the named plaintiffs in these actions – *as well as both AMD **and** Intel* – have also selected the District of Delaware as the appropriate forum for these cases.

---

[4] The Kidwell Group agrees with the Brauch Movants' recitation of the standards for transfer and pretrial coordination or consolidation under 28 U.S.C. § 1407, but disagrees with their choice of venue.

Judge Farnan is well equipped to handle the Intel Actions, having served on the bench since 1985 and having previously presided over complex antitrust cases. *See, e.g., U.S.A. v. Federation of Physicians and Dentists*, 63 F.Supp.2d 475 (D. Del. 1999); *SAS of Puerto Rico v. Puerto Rico Telephone Company*, 833 F. Supp 450 (D. Del. 1993); and *Mobil Oil Corporation v. Advanced Environmental Recycling Technologies*, 833 F. Supp 437 (D. Del. 1993).

The fact that Delaware is the location of the first-filed and most advanced action – two reasons commonly cited by the Panel when determining an appropriate court for transfer – is significant to this analysis. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 293 F. Supp. 2d 1378 (J.P.M.L. 2003) (constituent cases transferred to district where the first filed and most advanced case was already proceeding); *In re General Motors Corp. "Piston Slap" Products Liability Litigation*, 314 F. Supp. 2d 1836 (J.P.M.L. 2004) (first filed); *In re Musha Cay Litigation*, 330 F. Supp. 2d 1364 (J.P.M.L. 2004) (same); *In re GMAC Insurance Management Corp. Overtime Pay Litigation*, 342 F. Supp. 2d 1357 (J.P.M.L. 2004) (first filed, most advanced); *In re Elevator and Escalator Antitrust Litigation*, 2004 WL 2913166 (J.P.M.L. Dec. 7, 2004) (first filed); *In re Rubber Chemicals Antitrust Litigation*, 2004 WL 3015739 (J.P.M.L. Dec. 21, 2004) (same). Based on this criterion, Delaware has the strongest interest in this litigation and is the more appropriate transferee forum.

Additionally, the Panel often takes the preferences of the parties into consideration. *See In re Elevator and Escalator Antitrust Litigation*, 2004 WL 2913166 (J.P.M.L. Dec. 7, 2004). Not only have the majority of the parties in the Intel Actions expressed their preference for the District of Delaware, but both AMD, the plaintiff in the first-filed of the Intel Actions and the only one of the cases that is a direct action – as well as Intel, the defendant in each of the Intel Actions – has selected Delaware as the appropriate forum in which to litigate these claims. See

*Innovations Enterprises Ltd. d/b/a/ The Gustbuster v. Haas-Jordan Company, Inc.*, C.A. No. 99 CV 1681, 2000 U.S. Dist. LEXIS 2025 ("Plaintiff's choice of forum is entitled to great weight and should not be negated unless 'the balance of convenience and justice weighs heavily in favor of transfer... Where transfer merely serves to shift the inconvenience from one party to the other, the plaintiff's choice of forum should not be disturbed.'"); *R. Siskind & Company, Inc. v. Ashworth, Inc., A Corp., B Corp., and C Corp.*, C.A. No. 95 Civ. 7707, 1996 U.S. Dist. LEXIS 4418 (In making that determination, the court must give substantial deference to [plaintiff's] choice of forum."); *Argonaut Partnership, L.P., Gerstenhaber Investments, L.P., and Gabriel Capital, L.P. v. Bankers Trustee Company Limited; Argonaut Partnership, L.P., Gabriel Capital, L.P. and Gerstanhaber Investments, L.P. v. Bancomer, S.A.*, C.A. No. 96 Civ. 1970 and C.A. No. 96 Civ. 2222, 1997 U.S. Dist. LEXIS 1092 (traditionally deference is given to plaintiff's choice of forum); *Thayer/Patricof Education Funding, L.L.C., and Thayer/Patricof Education Holdings, L.L.C. v. Pryor Resources, Inc., Fred H. Pryor, Philip R. Love, and Michael B. Hays*, C.A. No. 01-1565, 196 F. Supp. 2d 21; 2002 U.S. Dist. LEXIS 7264 (same). The fact that Intel, the defendant in each of these cases, also supports transferring the Intel Actions to the District of Delaware further confirms the appropriateness of the Panel undertaking this course of action.

Finally, the Panel has previously found the District of Delaware to be an appropriate venue for multidistrict litigation. According to the Panel's Statistical Analysis of Multidistrict Litigation, since 1968, the Panel has transferred only 56 cases to the District of Delaware. See http://www.jpml.uscourts.gov/StatisticalAnalysis2004.pdf. While there are already eleven active multidistrict litigations pending in the Northern District of California, there is only one such action pending in Delaware. The Federal District courthouse in Delaware is as accessible as any in the Northern District of California, if not moreso. Aside from the close proximity to several

major airports (including Newark, Philadelphia, Baltimore, Atlantic City, and two in Washington D.C.), the courthouse is accessible to Amtrak rail service running up and down the East Coast of the United States.

Furthermore, both AMD and Intel are Delaware corporations. Many of the expected witnesses are located on the East Coast or throughout the country, and the vast majority of documentary discovery will occur in electronic form and will thus be accessible virtually anywhere. Moreover, third party discovery – which will comprise a material portion of the discovery in these cases – will be sought from companies located throughout the United States and worldwide. Additionally, attorneys for many of the Plaintiffs and Defendants have offices, and are based, in cities far more accessible to Delaware than San Francisco.

## IV. CONCLUSION

For all the foregoing reasons, the Kidwell Group respectfully requests the Panel deny the Brauch Movants' Motion to the extent that it requests transfer of the related actions to the Northern District of California, grant the Kidwell Group's cross-motion, and respectfully requests the Panel enter an order transferring the California Actions to the District of Delaware for coordinated or consolidated pretrial proceedings.

Dated: August 2, 2005              Respectfully submitted,

Fred Taylor Isquith
Gustavo Bruckner
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

Mary Jane Edelstein Fait
Adam J. Levitt
WOLF HALDENSTEIN ALDER
 FREEMAN & HERZ LLC
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: 312/984-0000
Facsimile:  312/084-0001

Francis M. Gregorek
Betsy C. Manifold
Francis A. Bottini, Jr.
Rachele R. Rickert
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 2700
San Diego, California 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

Counsel for Plaintiffs Kidwell, Reeder, Maita, JWRE, Moeller and Harms in *Kidwell* Action, Plaintiffs Rainwater, Chapman and Yaco in the *Rainwater* Action, Plaintiffs Volden, Dupraz, DeGeorge, Goeke, Conley, Bjork, Kidwell and Vaught in the *Volden* Action, and Plaintiffs Ficor Acquisition Co., LLC dba Mills & Greer Sporting Goods, Caplan, Salgado, Nardella, Wolfe, March, Hobbs, Marcus, and Deering in the *Ficor Acquisition* Action

410358